USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
UDG MANAGEMENT, LLC, ED EDISON  :
CORP., UDG HOLDINGS, LLC, JEONG HOON  :
KIM, and EUN MEE BAEK,  :
                       Plaintiffs,  :
   :                24-CV-2777 (VEC)
           -against-  :
   :               ORDER
   :
IRONSHORE INDEMNITY CORP.,  :
   :
   :
                       Defendant.  :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 12, 2024, Defendant filed a Notice of Removal from New York Supreme Court, *see* Not. of Removal, Dkt. 1;

WHEREAS Defendant alleges that this Court has subject matter jurisdiction because the parties are diverse, *id.* ¶ 9;

WHEREAS "a limited liability company has the citizenship of its members," *see Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021);

WHEREAS a Notice of Removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs), *see Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004); *Mitchell v. City Express Limousine, LLC*, No. 17-cv-4490, 2017 WL 2876313 (S.D.N.Y. July 6, 2017);

WHEREAS the Notice of Removal alleges that Plaintiff UDG Management, LLC, is a limited liability company organized under the laws of New York with its principal place of

business in New York, *see* Not. of Removal ¶ 12, and Plaintiff UDG Holdings, LLC is a subsidiary of UDG Management, LLC, and organized under the laws of Delaware, *see id*. ¶ 14; and

WHEREAS the Notice of Removal made no allegations as to the identity or citizenship of the members of Plaintiffs UDG Management, LLC, or UDG Holdings, LLC; nor did the Notice of Removal allege UDG Holdings, LLC's principal place of business;

WHEREAS Defendant, as the party invoking this Court's jurisdiction, was ordered on April 15, 2024, Dkt. 5, to file an affidavit not later than April 22, 2024, to establish that this Court has subject matter jurisdiction;

WHEREAS Defendant filed a declaration and affidavit stating that, upon information and belief, the sole member of UDG Management, LLC, is Jeong Hoon Kim, and that the sole member of UDG Holdings, LLC, a subsidiary of UDG Management, LLC, is also Jeong Hoon Kim, who is a resident of New York, *see* Dkts. 9–10; the declaration and affidavit did not address the location of UDG Holdings, LLC's principal place of business;

WHEREAS the factual basis for Defendant's representation regarding the membership of UDG Management, LLC, was a Westlaw Public Record, attached to Eridania Perez's affidavit as Exhibit A, that supports Defendant's position that Jeong Hoon Kim is a member of UDG Management, LLC, but it does not demonstrate that Kim is the *only* member of that LLC, *see* Dkt. 10;

WHEREAS the factual basis for Defendant's representation regarding the membership of UDG Management, LLC, are tax returns that were attached as Exhibit B to Eridania Perez's affidavit;

WHEREAS the referenced tax returns are evidence that Kim is an officer of UDG Holdings, LLC, but the tax returns provide no evidence that Kim is a member of the LLC, let alone that Kim is the *only* member of the LLC, see id.; and

WHEREAS Defendant's affidavit and declaration failed to cure the notice of removal's defect because they allege that diversity jurisdiction exists but fail to allege facts adequate for the Court to reasonably infer Plaintiffs' citizenships as LLCs, which is necessary in order to ascertain whether the Court has subject matter jurisdiction.  *See also Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (A pleading that fails to "identify the members of an LLC" or "to identify the citizenship of the members [...] fails on its face to plead diversity of citizenship.").  The affidavit and declaration also fail to allege UDG Holdings, LLC's principal place of business, which is also required to determine the citizenship of an LLC.  *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 220–21 (S.D.N.Y. 2013).

IT IS HEREBY ORDERED that this case will be remanded to New York Supreme Court on **May 1, 2024**, unless before that date the Defendant seeks permission to take jurisdictional discovery, *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004), or submits new affidavits that adequately demonstrate the basis for this Court's jurisdiction.

**SO ORDERED.**

Date:  April 23, 2024
       New York, New York

_____
VALERIE CAPRONI
**United States District Judge**