```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UDG MANAGEMENT, LLC, ED EDISON         :
CORP., UDG HOLDINGS, LLC, JEONG HOON   :
KIM, and EUN MEE BAEK,                 :
                                       :
                          Plaintiffs,  :
                                       :         24-CV-2777 (VEC)
            -against-                  :
                                       :              ORDER
                                       :
IRONSHORE INDEMNITY CORP.,             :
                                       :
                                       :
                          Defendant.   :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On April 12, 2024, Defendant removed this action from the Supreme Court of New York, New York County. *See* Not. of Removal, Dkt. 1. By order dated April 15, 2024, the Court found that Defendant's Notice of Removal failed to properly allege the citizenship of each party for purposes of diversity jurisdiction. *See* Dkt. 5. The Court ordered Defendant to file an affidavit not later than April 22, 2024, to establish that this Court has subject matter jurisdiction. *See id*. Defendant filed an affidavit and declaration on April 22, 2024, supplementing its Notice of Removal, that stated upon information and belief, that the sole member of UDG Management, LLC, is Jeong Hoon Kim, and that the sole member of UDG Holdings, LLC, a subsidiary of UDG Management, LLC, is also Jeong Hoon Kim, who is a resident of New York; the declaration and affidavit did not address the location of UDG Holdings, LLC's principal place of business. *See* Dkts. 9–10. Further, the factual basis for Defendant's representation regarding the membership of UDG Management, LLC, was a Westlaw Public Record, attached to Eridania Perez's affidavit as Exhibit A, that supports Defendant's position that Jeong Hoon Kim is a member of UDG Management, LLC, but it does not demonstrate that Kim is the *only* member of that LLC. *See*

Dkt. 10. The factual basis for Defendant's representation regarding the membership of UDG Management, LLC, are tax returns that were attached as Exhibit B to Eridania Perez's affidavit, which are evidence that Kim is an officer of UDG Holdings, LLC, but the tax returns provide no evidence that Kim is a member of the LLC, let alone that Kim is the *only* member of the LLC. *See id*. Because Defendant's affidavit and declaration failed to cure the Notice of Removal's defect, the Court ordered Defendant to seek permission to take jurisdictional discovery or to submit new affidavits that adequately demonstrate the basis for this Court's jurisdiction by May 1, 2024, or the case would be remanded to New York Supreme Court. *See* Dkt. 11. On April 30, 2024, Defendant filed a motion to conduct jurisdictional discovery as to Plaintiffs UDG Management, LLC and UDG Holdings, LLC. *See* Mot., Dkt. 12. Although Plaintiffs commenced this lawsuit, no notice of appearance has been filed since the case was removed. For the reasons discussed below, Defendant's request is GRANTED.

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and the party must prove jurisdiction by a "preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)). This case involves diversity jurisdiction. *See* Not. of Removal ¶¶ 7–18. Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). For diversity purposes, an individual's citizenship "is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). A limited liability company is deemed to be a citizen of

each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

"[A] district court has discretion to order jurisdictional discovery in a removal case with improperly pleaded citizenship."  *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617–18; *see, e.g.*, *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-cv-00731, 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (allowing "limited jurisdictional discovery to confirm or disprove the existence of complete diversity" among limited liability companies).  Courts "are not inclined to countenance prolonged preliminary litigation over the removal issue simply because [the defendant] failed in the first instance to aver a proper jurisdictional basis for removal."  *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994) ("Removal procedures seek a rapid determination of the proper forum for adjudicating an action.").

Here, Plaintiffs include two limited liability companies ("LLCs"), but Defendant has failed to identify all the members of those LLCs and their respective citizenships.  Defendant alleges upon information and belief that Plaintiff Jeong Hoon Kim is a member of both Plaintiff UDG Management, LLC and Plaintiff UDG Holdings, LLC, and is a citizen of New York.  *See* Dkt. 10.  But the records Defendant submitted, *see supra*, do not conclusively prove that Kim is the sole member of each of the Plaintiff LLCs.  Defendant admits that after "a diligent search," the public records it filed "do not establish [that] Mr. Kim is [the LLCs'] sole member and the principal place of business of UDG Holdings."  *See* Def. Mem. of Law at 4, Dkt. 14.  Accordingly, Defendant has failed to meet its burden of establishing diversity jurisdiction.  *See Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617.

Granting Defendant one more opportunity to amend its Notice of Removal, after brief and limited jurisdictional discovery, is warranted.  *See, e.g.*, *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *2 (granting limited jurisdictional discovery where the plaintiff alleged diversity of LLC

membership that was publicly available but "admitted that it does not know the citizenship of each LLC defendant").

      Defendant's motion is GRANTED. The parties are directed promptly to undertake and complete such discovery. Discovery shall be limited to document requests, interrogatories sufficient to show the citizenship of all members of each Plaintiff LLC and, if necessary, a limited deposition of Plaintiffs' corporate representative. All such discovery must be completed by **June 3, 2024**. Defendant must file an amended Notice of Removal by **June 7, 2024**. The Clerk of Court is respectfully directed to close the open motion at Dkt. 12.

**SO ORDERED.**

Date:  May 1, 2024
         New York, New York

                                    **VALERIE CAPRONI**
                                    **United States District Judge**